UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOIECEL RIVIERA,

        Plaintiff

                              Civil Action No. 4:22cv27

v.

CITY OF CHESAPEAKE,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(4)-(5) and Rule 4(m). ECF No. 7. Before the Court is also a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) or, in the alternative, a Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e). ECF No. 12. The Court has determined that a hearing on the Motions is unnecessary, as the issues for decision are adequately presented in the briefs. For the following reasons, Defendant's Motion to Dismiss Pursuant to Rule 12(b)(4)-(5) and Rule 4(m) (ECF No. 7) is **DENIED**. Defendant's Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) (ECF No. 12) is **GRANTED**. Plaintiff is granted leave to file an amended complaint no later than October 20, 2022. Defendant's Motion for a More Definite Statement (ECF No. 12) is **DENIED** as moot.

**I. BACKGROUND**

Plaintiff filed her Complaint on March 4, 2022 in the United States District Court for the Eastern District of Virginia. ECF No. 1. In her Complaint, Plaintiff

1

alleges a series of facts related to Plaintiff's employment and the conduct of her supervisors from December 12, 2019 to September 27, 2021. *Id.* Plaintiff's Complaint does not allege what cause of action that these facts are supporting.

On May 31, 2022, Plaintiff served the Defendant. Summons, ECF No. 3. In response, on June 17, 2022, Defendant filed a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(4)-(5) and Rule 4(m), reporting that it did not receive a complaint attached to the served papers and asking for the suit to be dismissed for improper service. Mot., ECF No. 7; Mem. at 1, ECF No. 8. In her Response to Defendant's Motion, Plaintiff admitted error in not attaching a copy of the Complaint to the initial service on May 31, 2022 and responded by serving a copy of the Complaint on Defendant on June 22, 2022. Resp. at 1, ECF. No. 9.

After being served again and having received the Complaint, Defendant filed on July 14, 2022 a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) or, in the alternative, a Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e). ECF No. 12. Defendant states that it maintains their previous Motion under Rule 12(b)(4)-(5) and Rule 4(m) (ECF No. 7), noting that the service with the properly attached Complaint was completed 111 days after the lawsuit was filed, beyond the 90-day limit provided by Rule 4(m). Mem. at 2, ECF No. 13; FED. R. CIV. P. 4(m). Defendant also asks the Court to dismiss the suit based on failure to state a claim, arguing that the Complaint "does not identify any legal theory upon which Riviera rests her case." Mem. at 1, ECF No. 13.

2

Plaintiff was given an opportunity to reply to Defendant's Motion (ECF No. 12) by July 28, 2022 but did not. Accordingly, the Motions (ECF No. 7, 12) are fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 4(m)

Federal Rule of Civil Procedure 4(m) provides that if service of process is not made within 90 days after filing of a complaint, "the court . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). In the past, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") held that Rule 4(m) requires courts to dismiss a plaintiff's complaint in the absence of a showing of good cause. *Mendez v. Elliot*, 45 F.3d 75, 78-79 (4th Cir. 1995). However, the Fourth Circuit has very recently overruled *Mendez*, confirming "that the statements in Mendez indicating that a plaintiff must establish good cause to obtain an extension of time to serve the defendant are no longer good law." *Gelin v. Shuman*, 35 F.4th 212, 219 (4th Cir. 2022). The Fourth Circuit instead held that district courts have the discretion to grant an extension of time for service, even without good cause. *Id.*

The overwhelming weight of the other Circuit Courts also concur that a district court may grant an extension of time in its discretion. *See Troxell v. Fedders of North America*, 160 F.3d 381, 383 (7th Cir. 1998); *De Tie v. Orange County*, 152

3

F.3d 1109, 1111 n.5 (9th Cir. 1998); *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996); *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995); *Stewart v. Tennessee Valley Auth.*, No. 99-5723 (6th Cir. 2000) (unpublished opinion). Additionally, the United States Supreme Court has held, arguably in dicta, that the 1993 amendment to Rule 4(m) gives courts "discretion to enlarge the... period 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 662-63 (1996) (quoting FED. R. CIV. P. 4(m) advisory committee's note. This Court joins the overwhelming weight of authority in finding that it has discretion to extend the 90-day period for service of process, even if no good cause is shown.

### B. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to seek dismissal based on a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Motion to Dismiss for Failure to State a Claim should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An adequate claim requires more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

4

A threadbare recitation of the "elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Although the truth of the facts alleged is assumed, and the facts are taken in the light most favorable to the plaintiff, courts are not bound by "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555, 570 (internal citations and footnote omitted). A complaint may survive a Motion to Dismiss "even if it appears that a recovery is very remote and unlikely." *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)) (internal quotation marks omitted).

## III. DISCUSSION

### A. Motion to Dismiss Pursuant to Rules 12(b)(4)-(5) and Rule 4(m)

Plaintiff's counsel admits to inadvertently serving Defendant on May 31, 2022 without attaching a copy of the Complaint. Resp., ECF No. 9. Having done so, Plaintiff and Plaintiff's counsel were not aware that the Complaint was not attached until Defendant filed its Motion to Dismiss Pursuant to Rule 12(b)(4)-(5) and Rule 4(m) (ECF No. 7). Resp., ECF No. 9. Plaintiff attempted to rectify this error by serving a copy of the Complaint on Defendant on June 22, 2022 through private process server, 111 days after the 90-day limit imposed by Rule 4(m) on service. *Id*; *See also* FED. R. CIV. P. 4.

As discussed, the Fourth Circuit recently held that *Mendez* is no longer good law and adopted the discretionary interpretation of Rule 4(m). *Gelin v. Shuman*, 35 F.4th 212, 219 (4th Cir. 2022). Based on this authority, this Court finds that it has discretion to extend the 90-day period for service of process in the present case, even if no good cause is shown. As Plaintiff has now attached the Complaint to the service performed on June 22, 2022 and Defendant has been served, albeit late, this Court denies Defendant's Motion to Dismiss Pursuant to Rule 12(b)(4)-(5) and Rule 4(m). ECF No. 7. The Court now turns to Defendant's section Motion to Dismiss Pursuant to Rule 12(b)(6) (ECF No. 12) to determine the status of this lawsuit.

### B. Motion to Dismiss Pursuant to Rule 12(b)(6)

Having received the Complaint, Defendant filed on July 14, 2022 a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) or, in the alternative, a

Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e). ECF No. 12. Defendant asks for the Court to dismiss the suit based on failure to state a claim, arguing that the Complaint "does not identify any legal theory upon which Riviera rests her case." *Id.* at 1.

As discussed, a motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Plaintiff's Complaint (ECF No. 1) cites no cause of action and cites no law under which that claim resides. The Complaint only alleges a series of facts related to Plaintiff's employment and the conduct of her supervisors from December 12, 2019 to September 27, 2021 before concluding by demanding judgement against Defendant in the amount of five hundred thousand dollars ($500,000) as well as costs and attorney fees. *Id.* at 10. As the Court cannot feasibly entertain this Complaint, the Court grants Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 12), but, in its discretion, provides Plaintiff leave to file an amended complaint stating the cause of action within 15 days of the issuance of this Order.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Pursuant to Rule 12(b)(4)-(5) and Rule 4(m) is **DENIED**. Defendant's Motion to Dismiss for Failure to

State a Claim (ECF No. 12) is **GRANTED**. Plaintiff is GRANTED leave to file an amended complaint no later than October 20, 2022. Defendant's Motion for a More Definite Statement is **DENIED** as moot.

The Clerk is **REQUESTED** to forward a copy of this Order to counsel of record for all parties.

**IT IS SO ORDERED.**

*/s/ Raymond A. Jackson*
Raymond A. Jackson
United States District Judge

September 20, 2022
Norfolk, Virginia