

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**JOIECEL RIVIERA,**

    **Plaintiff,**

    v.                                                         CIVIL ACTION NO. 4:22-cv-027

**CITY OF CHESAPEAKE,**

    **Defendant.**

### *MEMORANDUM OPINION AND ORDER*

Before the Court is the City of Chesapeake's ("Defendant" or "City") Motion to Strike, pursuant to Federal Rule of Civil Procedure 12(f), or, in the alternative Motion to Dismiss Joicel Riviera's ("Plaintiff") Complaint in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6). Def.'s Mot. Strike, ECF No. 17 ("Mot."); Def.'s Mem. Supp. Mot. Strike, ECF No. 18 ("Def.'s Mem. Supp. Mot."). Plaintiff has not responded. The Court has considered Defendant's supporting memorandum and this matter is now ripe for determination. Def.'s Mem. Supp. Mot. Upon review, the Court finds that a hearing on this Motion is unnecessary. *See* E.D. Va. Local Civ. R. 7(J). For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED** and Motion to Strike is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On March 4, 2022, Plaintiff filed a Complaint against Defendant in the United States District Court for the Eastern District of Virginia. Compl., ECF No. 1. Plaintiff's Complaint alleged a series of facts related to her employment with the City of Chesapeake, including the conduct of her supervisors and co-workers from December 12, 2019 to September 27, 2021. *Id.* Plaintiff's original Complaint did not state any cause of action related to the alleged facts. *Id.*

1

On June 17, 2022, Defendant filed a Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(4)-(5) and Rule 4(m) due to improper service. Def.'s Mot. to Dismiss, ECF No. 7; Def.'s Mem. Supp. Mot. to Dismiss, ECF No. 8. On July 14, 2022, after being properly served, Defendant filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim, pursuant to Rule 12(b)(6) or, in the alternative, a Motion for a More Definite Statement, pursuant to Rule 12(e). Def.'s Mot. to Dismiss, ECF No. 12; Def.'s Mem. Supp. Mot. Dismiss, ECF No. 14. In the motion to dismiss the suit for failing to state a claim, Defendant asked the Court for dismissal based on Plaintiff's failure to provide any legal theory or identifiable claims against Defendant. *Id.* On September 20, 2022, the Court denied Defendant's Motion to Dismiss pursuant to Rules 12(b)(4)-(5) and Rule 4(m) but granted Defendant's Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6). Mem. Op. and Or. granting Mot. to Dismiss, ECF No. 14. As a part of that Order, the Court granted Plaintiff leave to file an amended complaint and denied Defendant's Motion for a More Definite Statement as moot. *Id.*

On October 20, 2022, Plaintiff filed her Amended Complaint. Am. Compl., ECF No. 16. The Amended Complaint largely restates the factual allegations in the original Complaint and does not cite any legal cause of action. *Id.* On October 31, 2022, Defendant filed the instant Motion to Strike the Amended Complaint, pursuant to Rule 12(f), or in the alternative, Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim. Def.'s Mot. Plaintiff was given an opportunity to reply to Defendant's Motion by November 7, 2022 but did not. Accordingly, Defendant's Motion is ripe for adjudication. Because Plaintiff's Amended Complaint remains unclear and fails to state any claim for relief, the Amended Complaint must be dismissed with prejudice.

## II. LEGAL STANDARD

**A. Motion to Dismiss for Failure to State a Claim**

Federal Rule of Civil Procedure 8(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (cleaned up). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. For the purposes of a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

A complaint need not contain "detailed factual allegations" in order to survive a motion to dismiss, but the complaint must incorporate "enough facts to state a belief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). This plausibility standard does not equate to a probability requirement, but it entails more than a mere possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557). To achieve factual plausibility, plaintiffs must allege

3

more than "naked assertions . . . without some further factual enhancement." *Twombly*, 550 U.S. at 557. Otherwise, the complaint will "stop[ ] short of the line between possibility and plausibility of entitlement to relief." *Id.*

### B. Motion to Strike

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). A court may do so on its own on a motion from a party who does so within the proper time and procedural constraints. *Id.* at 12(f)(1)-(2). Federal Rule of Civil Procedure 7(a) defines a "pleading" as: a complaint; a third-party complaint; an answer to a complaint, counterclaim, crossclaim, or third-party complaint; and a reply to an answer. Fed. R. Civ. Proc. 7(a)(1)-(7). Rule 7(a) does not include motions, briefs, and accompanying affidavits. *See Int'l Longshoremen's Ass'n, S.S. Clerks Loc. 1624, AFL-CIO v. Va. Int'l Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D. Va. 1995) ("Plaintiffs have attempted to use such a motion to strike Employer Defendants' reply brief and accompanying affidavits. Briefs and affidavits, however, are not pleadings."). A motion to strike is therefore "not a proper way to challenge . . . [a] responsive filing." *Id.* (collecting cases); *cf. Nationwide Mut. Ins. Co. v. Overlook, LLC*, 785 F. Supp. 2d 502, 516 n.8 (E.D. Va. 2011) (finding it improper to "make a motion to strike a motion" under Rule 12(f) because a motion is not a pleading).

To the extent they can be considered, "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed.1990)). Indeed, "[e]ven where technically appropriate

and well-founded, motions to strike defenses as insufficient are often denied in absence of a showing of prejudice to the moving party." *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D. W. Va. 1993) (internal quotations omitted). If the moving party establishes that a defense is insufficient, granting a motion to strike is useful "in order to avoid unnecessary time and money in litigating invalid, spurious issues." *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976). When ruling on a motion to strike, "the court must view the pleading under attack in a light most favorable to the pleader." *Clark*, 152 F.R.D. at 71.

### III. DISCUSSION

#### A. Motion to Dismiss

The Court first considers Defendant's Motion to Dismiss argument, pursuant to Rule 12(b)96). Def.'s Mem. Supp. Mot. at 7-10. This matter is before the Court on Plaintiff's Amended Complaint, which only includes factual allegations regarding Plaintiff's workplace experiences and subsequent termination from her employment with Defendant. Am. Compl. While the Amended Complaint contains more facts than the original Complaint, this case must nonetheless be dismissed with prejudice because Plaintiff has again failed to state any legally cognizable cause of action.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" to one that is "plausible on its face," rather than merely "conceivable." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court assumes Plaintiff's well-pleaded allegations to be true and views all facts in the light most favorable to her. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan*, LLC, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).

Relevant to Defendant's Motion to Dismiss and stated in the light most favorable to Plaintiff, the following material facts are drawn from the Amended Complaint. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Plaintiff was employed by the City of Chesapeake from on or about December 12, 2019 until her termination on or about September 27, 2021. Am. Compl. at ¶¶ 1, 164. Plaintiff worked in Waste Management of the Public Works Department as a Waste Management Inspector. *Id.* at ¶¶ 2-3. As a Waste Management Inspector, Plaintiff reported to Jeffrey Spencer, a Waste Management Division Supervisor. *Id.* at ¶ 4. Mr. Spencer commented frequently on Plaintiff's attire and made several inappropriate comments and sexual statements to Plaintiff over the course of her employment. *Id.* at ¶¶ 1-164. On or about March 4, 2020, Plaintiff spoke with Kelvin Foye, a Senior Human Resource Manager for the City of Chesapeake, and anonymously requested information on how to file a sexual harassment complaint. *Id.* at ¶ 29. On or about March 23, 2020, Plaintiff made an informal complaint regarding her treatment at work to Tiffany Griffin, a Senior Human Resources Generalist for the City of Chesapeake. *Id.* at ¶ 30. Following that conversation, Ms. Griffin emailed an "Employee Concern Form" to Plaintiff. *Id.* at ¶ 31. Plaintiff alleges that Mr. Foye refused to launch a formal investigation into Plaintiff's sexual harassment allegations even though she made several complaints to Mr. Foye and Ms. Griffin. *Id.* at ¶¶ 58-69. From on or about March 31, 2020 to September 2, 2020, Mr. Spencer continued to make inappropriate and sexual comments towards

Plaintiff. *Id.* at ¶¶ 32-69. On September 15, 2020, Plaintiff applied for a General Supervisor Position but was denied the position. *Id.* at ¶¶ 70-71.

On December 14, 2020, Plaintiff completed her twelve-month probationary period. *Id.* at ¶ 91. On October 9, 2020, Mr. Spencer promoted Plaintiff's co-worker, Andre Wilson to a Supervisor position. *Id.* at ¶ 105. On or about January 26, 2021, Plaintiff complained to Mr. Spencer about Mr. Wilson, who was harassing Plaintiff by attempting to pursue a romantic relationship with her. *Id.* at ¶¶ 99-105,116-119. Mr. Spencer failed to take any disciplinary action against Mr. Wilson following Plaintiff's complaints of harassment. *Id.* at ¶ 119.

On April 7, 2021 and from June 1, 2021 to July 10, 2021, Plaintiff did not attend work in order to provide care for her mother and attend her brother's out-of-state funeral. *Id.* at ¶¶ 121-130. Following her brother's funeral, Plaintiff contracted a severe upper respiratory infection and missed several additional days from work. *Id.* at ¶¶ 131-134. On August 14, 2021, Plaintiff was approved under the Family and Medical Leave Act ("FMLA") to take time from work to provide care for her daughter. *Id.* at ¶ 135.

On August 13, 2021, Plaintiff filed an EEO Complaint with Mr. Foye, the City of Chesapeake's Human Resource officer, naming Mr. Spencer and Mr. Wilson. *Id.* at ¶ 142. On September 3, 2021, Plaintiff was not feeling well and went to the hospital for treatment. *Id.* at ¶¶ 143-149. On or about September 7, 2021, Plaintiff returned to work. *Id.* at ¶ 146. On September 9, 2021, Mr. Spencer asked Plaintiff for a doctor's note for missing work on September 7, 2021. *Id.* at ¶ 140. Plaintiff had not previously been asked to provide a doctor's note for her absence and challenged Mr. Spencer's need for a doctor's note. *Id.* at ¶ ¶ 150-157. On September 10, 2021, Mr. Spencer order Plaintiff to meet with Earl Sorey, the Public Works Director for the City of Chesapeake. *Id.* at ¶¶ 158-159. In their meeting Mr. Sorey told Plaintiff that it would be in her

best interest to resign from her position. *Id.* at ¶¶ 160-161. Plaintiff did not resign, and Mr. Sorey suspended Plaintiff pending an investigation on September 10, 2021. *Id.* at ¶¶ 162-63. On September 27, 2021, Plaintiff was terminated. *Id.* at ¶ 164.

Having reviewed the factual allegations stated in the Complaint, the Court finds it necessary to grant Defendant's Motion to Dismiss for failure to state a claim. It remains unclear from the Amended Complaint what causes of action Plaintiff seeks to assert against Defendant. Plaintiff's threadbare pleading does little to clarify which law she alleges Defendant has violated because it fails to connect the factual allegations to any cause of action. As the Court stated in its September 20, 2022 Memorandum Opinion and Order, "[t]he Complaint only alleges a series of facts related to Plaintiff's employment and the conduct of her supervisors from December 12, 2019 to September 27, 2021 before concluding by demanding judgment against Defendant." ECF No. at 7. While the Court sympathizes with Plaintiff's alleged sexual harassment and subsequent termination, the Court cannot feasibly entertain this Complaint without any legally cognizable claim or cite to any law. Because of these deficiencies, Plaintiff has again failed to state a claim on which relief may be granted.

In addition to Plaintiff's failure to allege any cause of action, Plaintiff's Amended Complaint contains additional deficiencies that result in its dismissal. For example, the remedies that Plaintiff seeks appear to lack any legal basis. Plaintiff asserts, without authority, that she is entitled to judgment against Defendant in the amount of $500,000.00 and seeks to recover her "costs and attorney fees, including prejudgment interest on all sums awarded, expert fees, other litigation expenses, and such other relief and damages as the Plaintiff's cause may merit." Am. Compl. ¶ 164. In sum, Plaintiff's largely deficient Amended Complaint fails to link any of the factual allegations she makes to any cause of action. Similarly, Plaintiff fails to state which

potential causes of action are brought against which defendants and does not state a plausible claim for relief. Accordingly, this case must be dismissed. *See Iqbal*, 556 U.S. 662 (holding plaintiffs must state a "plausible" claim for relief); *Twombly*, 550 U.S. 544 (2007) (same).

The Court notes that Plaintiff can possibly salvage her claims by filing another amended complaint. However, when the Court previously dismissed Plaintiff's complaint with leave to amend, the Court provided Plaintiff with an opportunity to remedy the aforementioned deficiencies and Plaintiff failed to address any of the underlying concerns raised by both Defendant and the Court. Accordingly, it appears that permitting further amendment would be futile and that Plaintiff's Amended Complaint must be **DISMISSED WITH PREJUDICE.**

### B. Motion to Strike

The Court now turns to Defendant's Motion to Strike Plaintiff's Amended Complaint in its entirety, pursuant to Rule 12(f). Def.'s Mem. Supp. Mot. at 5-7. Defendant argues that the Court should strike the Amended Complaint because the Amended Complaint is substantially similar to her original Complaint and Defendant has been prejudiced by "repeatedly needing to expend resources to respond to [Plaintiff's] filings" which have failed to comport with the Federal Rules of Civil Procedure. *Id.*

As Defendant notes, a Motion to Strike is a disfavored and drastic remedy that courts do not grant without a showing of actual prejudice by the moving party. *Waste Mgmt. Holdings, Inc.*, 252 F.3d at 347. Even though Plaintiff's Amended Complaint fails to include legal cause of action, the Court finds that the Amended Complaint is not properly subject to a motion to strike. Defendant has not suffered any prejudice from the Court's consideration of the pleading to warrant such a drastic remedy. *Id.*; *Clark*, 152 F.R.D. at 70. In addition, the Court has granted Defendant's Motion to Dismiss the case in its entirety, and the factual allegations contained in

.

the Complaint will not be presented to a jury or further considered by the Court. Therefore, Defendant's Motion to Strike is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss, pursuant to Rule 12(b)(6) **GRANTED**. Defendant's Motion to Strike pursuant to Rule 12(f) is **DENIED**. Plaintiff's Amended Complaint is hereby **DISMISSED WITH PREJUDICE**. The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Newport News, Virginia
May 19, 2023

/s/
Raymond A. Jackson
United States District Judge